IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01755-REB-MEH

MIKOYAN WATSON, an individual, and
HERMAN WHITE, an individual,

    Plaintiffs,

v.

DENVER CAREER SERVICE BOARD,
DENVER DEPARTMENT OF PARKS AND RECREATION,
THE CITY AND COUNTY OF DENVER,
DENNIS WEBER, and
DANIEL BETTS,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SIXTH CLAIM FOR RELIEF

**Blackburn, J.**

The matter before me is **Defendants' Motion To Dismiss Plaintiffs' Sixth Claim for Relief** [#9], filed August 8, 2007. I deny the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the

complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, – U.S. –, 127 S.Ct. 1955, 1969, 1974,167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[1]

### III. ANALYSIS

Plaintiffs claim that they were wrongfully terminated from their part-time positions with the Denver County Parks & Recreation Department on the basis of age. Plaintiffs

---

[1] Until recently, the standard of review for a motion under Rule 12(b)(6) was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" **Beedle v. Wilson**, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Tenth Circuit has noted that the relationship between the standard announced in **Bell Atlantic Corp.** and the Supreme Court's contemporaneous decision in **Erickson v. Pardus**, – U.S. –, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), which upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear. **See Alvarado v. KOB-TV, L.L.C.**, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). Nevertheless, my decision with respect to the instant motion would be the same under either the **Conley v. Gibson** "no set of facts" standard or the **Bell Atlantic Corp.** plausibility standard. **See id.**

filed separate administrative appeals of their terminations. As part of those appeals, both plaintiffs asked the hearing officer to consider, *inter alia*, statutory discrimination claims pursuant to §24-34-402.5, C.R.S.[2] The hearing officer determined that he did not have jurisdiction to consider those claims and therefore dismissed them. That decision was upheld by the Career Service Board on appeal of the hearing officer's decision, with one member dissenting. This lawsuit followed.

The present motion takes issue with plaintiffs' sixth claim for relief, which seeks a declaration pursuant to C.R.C.P. 57(a) that the Career Service Board does have the authority, jurisdiction, and duty to hear and determine plaintiffs' claims pursuant to §24-34-402.5. Defendants[3] maintain that sufficient review of the Board's decision is available under C.R.C.P. 106(4)(a), as sought in plaintiff's seventh cause of action, and that declaratory relief is therefore unavailable.

Defendants' motion is premature. As a matter of ultimate relief, Rules 57 and 106(a)(4) are indeed mutually exclusive. **See Carney v. Civil Service Commission**, 30 P.3d 861, 867 (Colo. App. 2001). Nevertheless, the federal rules permit plaintiffs to pursue alternative and mutually exclusive theories of relief. **FED.R.CIV.P.** 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of

---

[2] I assume that this is the section on which plaintiffs intend to rely, as the section they cite – § 24-4-402.5, C.R.S. – does not exist. *See* § 24-34-402.5, C.R.S. ("It shall be a discriminatory or unfair employment practice for an employer to terminate the employment of any employee due to that employee's engaging in any lawful activity off the premises of the employer during nonworking hours . . .").

[3] Although all defendants purport to join the motion to dismiss, plaintiffs' sixth and seventh claims for relief are brought only against the City and County of Denver and the Career Services Board. It is not clear what standing, if any, the remaining defendants have to contest these claims.

consistency."); *see also Guang Dong Light Headgear Factory Co. v. ACI International, Inc.*, 2008 WL 53665 at *17 (D. Kan. Jan. 2, 2008) (slip op.). Moreover, the Colorado Supreme Court has specifically held that a plaintiff may seek relief under both rules. *See Denver Center for the Performing Arts v. Briggs*, 696 P.2d 299, 305 (Colo. 1985) ("A claim under C.R.C.P. 57 is not precluded by the possibility of C.R.C.P. 106(a)(4) review of administrative agency action where C.R.C.P. 106(a)(4) review may be ineffective in addressing the issues raised by the petitioner.").[4] Defendants' request to dismiss the one claim in favor of the other therefore is not yet ripe.

**THEREFORE, IT IS ORDERED THAT Defendants' Motion To Dismiss Plaintiffs' Sixth Claim for Relief** [#9], filed August 8, 2007, is **DENIED**.

Dated January 101 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[4] Defendants' concession that Rule 106(a)(4) review is appropriate in this case does not alter my conclusion. Given the allegations of the complaint that the Career Service Board refused to hear plaintiffs' discrimination claims, it may well be that review under Rule 106(a)(4) is not available or appropriate. *See Grant v. District Court in and for Fremont County*, 635 P.2d 201, 202 (Colo. 1981) (relief appropriate under Rule 57 when "C.R.C.P. 106(a)(4) relief is unavailable ... because review of the record is an insufficient remedy.").

4