IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01755-REB-MEH

MIKOYAN WATSON, an individual, and
HERMAN WHITE, an individual,

    Plaintiffs,

v.

DENVER CAREER SERVICE BOARD,
DENVER DEPARTMENT OF PARKS AND RECREATION,
THE CITY AND COUNTY OF DENVER,
DENNIS WEBER, and
DANIEL BETTS,

    Defendants.

---

## RECOMMENDATION ON PLAINTIFFS' MOTION TO AMEND

---

Before the Court is Plaintiffs' Motion for Leave to Amend Complaint [Docket #23]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that Plaintiffs' Motion be **granted in part** and **denied in part**.

**I.    Facts**

Plaintiffs were recreation instructors at a facility known as the Hiawatha Davis, Jr. Recreation Center (the "Center") operated by the City of Denver. They were terminated from their part-time jobs by Defendant Weber in the summer of 2006. They filed this action against Defendants for unlawful termination based on age discrimination; a state law claim based on Plaintiffs' involvement in the Pirates Youth Football Program and the Police Athletic League; slander, defamation, and libel against the individual Defendants; breach of contract or quasi-contract or promissory estoppel against

the Defendant city entities; a review of agency action under state law; and due process and equal protection claims against Defendant Betts. Plaintiffs' allegations and claims cover 227 separately enumerated paragraphs. Plaintiffs filed their Motion for Leave to Amend seeking to withdraw the due process and equal protection claims against Defendant Betts and seeking to add two additional claims, discrimination based on race in violation of 42 U.S.C. § 1981 and in violation of 42 U.S.C. § 1983. To support these additional claims, Plaintiffs assert that they recently deposed the individual Defendants, which brought to light the factual allegations underlying the additional discrimination claims based on race. Defendants do not object to Plaintiffs' request to withdraw two claims but do object to the addition of the two racial discrimination claims. Defendants argue that these allegations have been known by Plaintiffs prior to the inception of this lawsuit and are not based on newly discovered evidence. Defendants further contend that Plaintiffs have misrepresented the deposition testimony of the individual Defendants, and that Plaintiffs' proposed claims are futile.

**II.     Discussion**

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005). While the Tenth Circuit has not concluded that the good cause standard of Rule 16(b) applies to the amendment of a complaint, it has noted that the good cause standard requiring diligence produces essentially the same result as a finding of no undue delay under Rule 15(a). *See Minter v.*

2

*Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Notably, Rule 16(b) entails no consideration of prejudice to Defendant, thereby leaving the proposed amendment to rise and fall on the diligence of the moving party. Whereas, Rule 15(a) also favors amendments that do not prejudice the defendant. *Id.* Thus, the Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Id.* at 1204. *But see Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (adopting a two-step analysis to first consider good cause under Rule 16(b) prior to undue delay and prejudice under Rule 15(a)).

### A. Undue Delay/Good Cause

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). Similarly, good cause under Rule 16(b) requires Plaintiffs to show that the deadline for amendment of pleadings could not be met despite their diligent efforts. *Colorado Visionary Academy*, 194 F.R.D. at 687.

Here, I do not find undue delay, which, in turn, establishes good cause in this case. As Plaintiffs note, Defendants' explanations for the actions that have been taken toward the Plaintiffs have evolved, although the Court would not characterize it as a moving target. It is true that some

facts have been readily available to the Plaintiffs for a long time (*e.g.*, whether any prior recreation supervisor at the Center had been Caucasian; that the Center serves an almost exclusively African-American community; that Mr. Weber was not uniformly, warmly embraced by the local community upon his arrival; that one or more meetings were held by community members concerning Mr. Weber). But Plaintiffs make a credible argument that other alleged facts[1] were not reasonably known until the recent depositions of Mr. Weber and his supervisor, including allegations about Mr. Weber's beliefs concerning Plaintiff's involvement in the community's opposition to Mr. Weber and whether the termination decision is associated with those beliefs. And Defendants do not allege that Plaintiffs delayed in seeking these depositions or were not diligent in conducting such discovery. Finally, the Court does not want to penalize Plaintiffs for waiting until there was some evidence (the accuracy and competency of which Defendants dispute) to make such a claim.[2]

### B. Undue Prejudice

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the

---

[1] The Court understands that Defendants disagree with the truthfulness of these allegations.

[2] It is worth noting that the time period for filing a separate Section 1983 action under the two-year statute of limitations -- rather than amending the currently pending action -- has not yet run.

4

complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

Here, issues of race were at the center of the initial controversy surrounding Mr. Weber's placement at the Center. Although Plaintiffs have not heretofore made allegations of race discrimination, such allegations would not change the fundamental nature of this case: that the reasons given for their termination were pretextual, and the true reasons establish a violation of their civil rights. Discovery does not close until April 3, 2008. There is sufficient time in this case prior to the June 9, 2008 Final Pretrial Conference for Defendants to address this new theory, and the Court will accommodate any necessary and appropriate discovery requests (and expects Plaintiffs to do the same).

### C. Futility

An amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standards requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

At least for purposes of amending the Complaint, the Court believes that Plaintiffs have met this standard. Plaintiffs allege that Mr. Weber told his supervisors, including Mr. Betts, that the

5

Plaintiffs were involved in the "negative community sentiment" against Mr. Weber. Proposed Amended Complaint, ¶ 49. Mr. Weber was then given permission to terminate the Plaintiffs. *Id.* ¶ 50. Plaintiffs tie this up by alleging that the terminations were based in whole or part on considerations of race, *id.* ¶ 60, and argue that Defendants' reasoning for the termination has changed over time and, thus, arguably is pretextual. Much of what Defendants argue to the contrary will be appropriate for a motion for summary judgment.

However, Defendants are correct concerning the viability of a Section 1981 claim against state actors, including municipalities, or against any Defendants other than Weber and Betts. An alleged civil rights violation under a Section 1981 theory against a state actor may be brought only under 42 U.S.C. § 1983 and may not be based on a respondeat superior theory. *E.g.*, *Bolden v. City of Topeka*, 441 F.3d 1129, 1134 (10th Cir. 2006) (holding that a plaintiff could technically seek relief for a violation of § 1981 under § 1983). The Court finds no basis for any such claim against any Defendant other than Weber and Betts and further concludes that any claim under Section 1983 claim for race discrimination against the non-individual Defendants would be futile and subject to a motion to dismiss. *Id. Cf. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that multiple plaintiffs could bring suit based on an official policy that required pregnant employees to take unpaid leave before such leave was medically necessary). To the extent that Plaintiffs attempt to characterize the employment decision in this case as an official policy, the Court recommends that their motion to amend be denied as inconsistent with the current state of Supreme Court and Tenth Circuit jurisprudence on this issue.

**III. Conclusion**

Accordingly, the Court RECOMMENDS that Plaintiffs' Motion for Leave to Amend

Complaint [Filed January 15, 2008; Docket #23] be **granted in part and denied in part**. Specifically, the Court recommends that Plaintiffs due process and equal protection claims against Defendant Betts be removed and that a Section 1983 claim for discrimination based on race be added against Defendant Betts and Defendant Weber. It is further recommended that Plaintiffs file a revised First Amended Complaint within ten business days of the date of an Order on this Recommendation. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[3]

Dated at Denver, Colorado this 26th day of February, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[3] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).