IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01755-REB-MEH

MIKOYAN WATSON, an individual, and
HERMAN WHITE, an individual,

    Plaintiffs,

v.

DENVER CAREER SERVICE BOARD,
DENVER DEPARTMENT OF PARKS AND RECREATION,
THE CITY AND COUNTY OF DENVER,
DENNIS WEBER, and
DANIEL BETTS,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION FOR STAY OF DISCOVERY

---

Before the Court is Defendants' Motion for Stay of Discovery Pending Resolution of the Motion of Defendants Dennis Weber and Daniel Betts to Dismiss the Eighth Claim for Relief, or, in the Alternative, for Summary Judgment, on the Basis of Qualified Immunity [Docket #48]. This matter has been referred to this Court. For the reasons set forth below, Defendants' Motion is **denied**.

**I.    Facts**

Plaintiffs were recreation instructors at a facility known as the Hiawatha Davis, Jr. Recreation Center (the "Center") operated by the City of Denver. They were terminated from their part-time jobs by Defendant Weber in the summer of 2006. They filed this action against Defendants for unlawful termination based on age discrimination; a state law claim based on Plaintiffs' involvement in the Pirates Youth Football Program and the Police Athletic League; slander, defamation, and libel against the individual Defendants; breach of contract or quasi-contract

or promissory estoppel against the Defendant city entities; a review of agency action under state law; and due process and equal protection claims against Defendant Betts. Plaintiffs' allegations and claims cover 227 separately enumerated paragraphs. Plaintiffs filed their Motion for Leave to Amend Complaint on January 15, 2008, seeking to withdraw the due process and equal protection claims against Defendant Betts and seeking to add two additional claims, discrimination based on race in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The Court recommended permitting amendment of the Complaint to allow addition of a Section 1983 claim for discrimination based on race against Defendants Betts and Weber. The District Court approved this amendment after Defendants did not object to the Recommendation.

**II.     Discussion**

Supreme Court jurisprudence affords broad protection from discovery when the defense of qualified immunity is raised, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.' " *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). However, in the typical case, the purpose of the defense of qualified immunity is best served by "resolv[ing] insubstantial claims in the early stages of litigation." *Stuart v. Jackson*, 24 Fed. Appx. 943, 952 (10th Cir. 2001). The circumstances presented by this case, as noted below, do not support a stay of discovery.

In the present case, staying discovery as to a single claim is not practical. Defendants Betts and Weber have been defendants in the case since its inception and are probably the major witnesses on the defense side. They will remain witnesses whether or not qualified immunity is granted as to the Eighth Claim, and they are subject to discovery no matter what happens with the Defendants'

2

dispositive motion. In addition, an order staying discovery as to the Eighth Claim would present an impossible "cookie cutter" directive that would multiply the cost of this litigation through the parties' efforts to comply with it by likely involving the Court in determining disputes concerning whether particular discovery is in violation of the stay.

Moreover, less than three weeks remain for *all* discovery to be completed, and Defendants Betts and Weber have already been deposed; thus a stay at this point in the litigation will not relieve tem from the burdens of discovery. The discovery requested by Plaintiffs is also from other witnesses, not Defendants Betts and Weber. The parties are on the verge of completing the extensive discovery in this case, and it would create significant inefficiencies to halt discovery at this point.

Finally, Plaintiffs raise a valid argument that, if the Court were to consider the qualified immunity defense under a summary judgment standard, the Plaintiffs require additional discovery to effectively rebut Defendants' arguments and evidence. Plaintiffs have complied with Fed. R. Civ. P. 56(f) by filing an affidavit explaining their need for additional discovery (attached to their opposition to Defendants' dispositive motion). *Ben Ezra, Weinstein, and Co. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). *See Saleh v. Ray*, 107 Fed. Appx. 865, 866 (10th Cir. 2004) (applying this requirement to constitutional claims as to which defendant asserts qualified immunity). It is appropriate to allow this discovery to be completed as soon as possible.

### III. Conclusion

Accordingly, the Court ORDERS that Defendants' Motion for Stay of Discovery Pending Resolution of the Motion of Defendants Dennis Weber and Daniel Betts to Dismiss the Eighth Claim for Relief, or, in the Alternative, for Summary Judgment, on the Basis of Qualified Immunity

[Docket #48; filed April 14, 2008] be **denied**.

Dated at Denver, Colorado this 15th day of May, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge